■    In the Matter of DAVID KUZMIER, Admitted as DAVID X. KUZMIER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— Motion by respondent to vacate order of this court dated March 4, 1963, disbarring him from the practice of law in the State of New York. Motion denied. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## (October 27, 1965)

■    In the Matter of BARBARA H. SCHALLER, Appellant, v. EVERETT F. McNAB et al., Constituting the Board of Elections of Suffolk County, et al., Respondents.— In a proceeding under section 330 of the Election Law to invalidate the independent nominating petition designating the respondent Clement J. Gaertner, Jr., as the candidate of the Stop Sales Tax party for the office of State Senator from the 2nd Senatorial District of Suffolk County at the election to be held November 2, 1965, the petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered October 25, 1965, which denied the application and upheld the validity of said nominating petition.   Judgment insofar as it declares that the nominating petition " was properly authenticated as required by law; " insofar as it confirms the action of the Board of Elections in declaring the said petition to be valid, and insofar as it directs the Commissioners of Election to place on the ballot the name of Clement J. Gaertner, Jr. as the candidate of the Stop Sales Tax party, reversed on the law and the facts, without costs; judgment, insofar as it declares " that there was no fraud" and that the nominating petition " was signed by a sufficient number of valid signatures as required by law ", affirmed; application granted, and nominating petition declared to be invalid. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein.   The Special Term found and adjudged that there was no fraud and that all the signatures on the nominating petition are valid. These findings are undisputed. It also appears to be undisputed, if not conceded, that except for the fact that the subscribing witnesses inquired of the signers whether they were residents of the area and duly qualified voters, the signers were otherwise total strangers; the witnesses had no knowledge whatever as to their true identity or residence. Hence, in our opinion, the witnesses in fact did not "know" them, as required by the statute (Election Law, § 135; Matter of Phillips [Hubbard], 284 N. Y. 152, 160). The perfunctory inquiries as to whether the signers were residents and qualified voters, and the perfunctory answers thereto, cannot be equated with the knowledge which the witnesses must possess as a prerequisite for their proper authentication. Beldock, P. J., Christ, Hill and Benjamin, JJ., concur; Ughetta, J., concurs insofar as the judgment is affirmed, but dissents insofar as the judgment is reversed and the nominating petition declared to be invalid, and votes to affirm the judgment in toto, with the following memorandum: In my opinion, there was substantial compliance with the statute. Based on the responses to their inquiries — the most practicable under the circumstances — the witnesses could and did thereafter say, even if only on information and belief, that they knew the signers. The fact that the witnesses did know the signers thus rests on a rational and plausible basis. A knowledge so founded is all that the statute requires. In view of the unchallenged and undisputed validity of the some 2,000 voters' signatures on the nominating petition, it would be fundamentally wrong to deprive all these voters of their choice simply because the subscribing witnesses did not undertake a more searching investigation into their identity or their residence.